UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES, | § |
| | § |
| | § |
| v. | §     Criminal Action No. 3:20-CR-60-E |
| | § |
| VIKTOR VORONSTOV (1) | § |
| ZLATA MUZHUK (2) | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the defendants' Joint Defense Motion to Dismiss Indictment [Doc. No. 62]. The defendants assert the indictment is deficient and should be dismissed with prejudice. As the defendants explain, if the indictment is deficient, the government would not be able to amend it based on the Principle of Specialization and the Czech government's extradition of the defendants. For reasons explained below, however, the defendants have not shown the indictment to be deficient, and the Court **DENIES** their motion.

The indictment charges the defendants as conspirators in an elaborate scheme whereby funds stolen from bank accounts in the United States were transferred to various foreign bank accounts. The indictment alleges the defendants were "cash-out actors" who provided cash-out and money laundering services to the individuals (called "cyber actors") who initiated the fraudulent bank transfers. The cash-out actors advertised their services to cyber actors on dark-web and online forums and provided a network of drop accounts and money mules to receive, transfer, and conceal funds derived from the fraudulent transfers. In exchange, they would receive

1

up to 50% of the proceeds from the fraudulent transfers. Based on the factual allegations set forth in the indictment, the government charges the defendants with a single count: conspiracy to commit money laundering under 18 U.S.C. § 1956(h) and 18 U.S.C. § 1956(a)(2)(A).

The defendants argue the indictment must be dismissed under Federal Rule of Criminal Procedure 12(b)(3)(B) as deficient because it lacks the requisite specificity. Title 18 U.S.C. § 1956(a)(2) sets out several distinct international money laundering offenses. The two relevant here are promotion money laundering under § 1956(a)(2)(A) and concealment money laundering under § 1956(a)(2)(B)(i). The crux of the defendants' argument is that the indictment lacks sufficient factual details to apprise them of the international promotion money laundering charge brought against them. The defendants claim the indictment is defective because it charges conspiracy to commit international promotion money laundering, but then describes conspiracy to commit international concealment money laundering. However, the defendants admit that the specific overt acts alleged in the indictment are consistent with both offenses,[1] and the same appears to be true of the rest of the conduct alleged in the indictment. The defendants' contention appears to be that the indictment is defective because it does not contain additional factual details specifically alleging the defendants' intent to promote the illegal activities, a necessary element of the underlying offense.

---

[1] Doc. No. 69 at 5.

The defendants are correct that international promotion money laundering contains a "stringent *mens rea* requirement." *United States v. Trejo*, 610 F.3d 308, 314 (5th Cir. 2010). As the Fifth Circuit has explained, the government must prove at trial that "the transaction at issue was conducted with the intent to promote the carrying on of a specified unlawful activity." *Id.* It is not enough to show that the defendants' actions resulted in the unlawful activities' promotion or that the defendants knew that it would. *Id.* Rather, the government must establish at trial that the defendants engaged in conduct—or in this case, conspired to engage in it—"*with the intent* to further the progress of that [unlawful] activity." *Id.*

The government must establish the foregoing at trial, but it need not do so in the indictment. "[A]n indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (cleaned up). While the intent necessary to convict in a money laundering conspiracy is the same as the intent required for the underlying money laundering offense, "a conspiracy charge need not include the elements of the substantive offense the defendant may have conspired to commit." *United States v. Martinez*, 921 F.3d 452 (5th Cir. 2019) (cleaned up); *see also United States v. Threadgill*, 172 F.3d 357, 366–67 (rejecting argument that conspiracy indictment was deficient because it failed to address two elements of underlying substantive offense, including *mens rea* element). And, in any event, even an indictment for a substantive, non-conspiracy offense "need not specifically charge" the specific intent that the government must prove at trial. *United States v. Freeman*,

3

619 F.2d 1112, 1117 (5th Cir. 1980). Here, although it does not contain allegations directly relating to the defendants' intent, the indictment alleges in detail the enterprise in which they were involved and their specific activities as part of it.

In summary, the Court concludes the indictment sets forth the offense with sufficient clarity and certainty to apprise the defendants of the crime with which they are charged. *See Kay*, 359 F.3d at 742. Accordingly, the Court **DENIES** the defendants' motion to dismiss the indictment, as well as the defendants' alternative request for a bill of particulars.

**SO ORDERED**; signed June 22, 2022.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE